CJ-22-349
Ma:



# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| MONTY BRADBERRY, an individual, ) | |
| ) | |
| Plaintiff, ) | **CJ-2022-349** |
| ) | |
| v. ) Case No. | |
| ) | |
| TRULITE GLASS & ALUMINUM ) | |
| SOLUTIONS, LLC, a Delaware Limited ) | |
| Liability Company, and AGC FLAT ) | FILED IN DISTRICT COURT |
| GLASS NORTH AMERICA, INC., ) | OKLAHOMA COUNTY |
| A Delaware Corporation, ) | |
| Defendants. ) | JAN 2 4 2022 |
| | RICK WARREN |
| | COURT CLERK |
| **PETITION** | 104_____ |

COMES NOW Monty Bradberry (hereinafter referred to as "Plaintiff") and for his cause of action against Trulite Glass & Aluminum Solutions, LLC and AGC Flat Glass North America, Inc. ("AGC") (hereinafter collectively referred to as Defendants, unless otherwise designated) states as follows:

1. Plaintiff is an individual residing in the State of Oklahoma.

2. Defendant Trulite Glass and Aluminum Solutions, LLC ("Trulite") is a limited liability company, organized and existing under the laws of Delaware. Trulite is domesticated in the State of Oklahoma, conducts business in the State of Oklahoma and places glass products into the stream of commerce in the State of Oklahoma.

3. Defendant, AGC Flat Glass North America, Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware. AGC is domesticated in the State of Oklahoma, conducts business in the State of Oklahoma and places glass products into the stream of commerce in the State of Oklahoma.

4. The events described below occurred in Oklahoma County, Oklahoma. Plaintiff's injuries, as described below, were sustained in Oklahoma County, Oklahoma.

5. Subject matter and personal jurisdiction, as well as venue, are appropriate in this Court.

## FACTUAL BACKGROUND

6. Plaintiff adopts the allegations contained in paragraphs one through five (1-5) above as if fully restated herein.

7. Plaintiff works for Metro Glass, Inc. ("Metro"), a flat glass supplier serving Oklahoma City and the surrounding communities with high-quality glass products for commercial and residential purposes.

8. On or about April 24, 2020, Plaintiff suffered a severe injury when a defective crate of flat glass weighing thousand of pounds collapsed and fell on him. Plaintiff's leg was severely and permanently injured.

9. Plaintiff has had his leg surgically repaired, as best as possible, and is continuing to recover from his injuries.

10. Plaintiff's injuries are grievous and permanent and will likely require surgical interventions in the future.

11. Plaintiff will endure a lifetime of pain and compromised mobility.

12. On information and belief, Trulite provided the glass and crate to Metro.

13. On information and belief, AGC manufactured, or otherwise provided, the glass and crate to Trulite.

## CAUSE OF ACTION

### (Negligence, Products Liability, Strict Liability, Failure to Warn)

14. Plaintiff adopts the allegations contained in paragraphs one through thirteen (1-13) above as if fully stated herein.

15. At all times relevant to this action, Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the glass and crate, which defendants introduced into the stream of commerce. Because of the weight of the product, it is inherently dangerous.

16. At all times relevant to this action, Defendants had a duty to warn of the risks and dangers of the product.

17. At all times relevant to this action, Defendants knew or should have known that the glass and crate were unreasonably dangerous and defective when used as directed and as designed.

18. Based on what they knew or reasonably should have known as described above, Defendants deviated from principles of due care, deviated from the standard of care and were otherwise negligent in the following particulars:

   a. In failing to conduct appropriate tests and studies necessary to determine that the use of the glass and crate were ordinarily dangerous and were inherently dangerous for use;

   b. In failing to design and build a crate sufficient to withstand the pressures associated with thousands of pounds of plate glass;

   c. In failing to warn customers that safety of the crating had not been established for ordinary use for wholesalers and retailers such as Metro;

      d. In failing to provide appropriate warnings conspicuously placed on the glass and crate; and,

      e. In failing to provide adequate instructions for the safe us of the products.

19. At all times relevant, Defendants knew or reasonably should have known that the products were unreasonably dangerous and defective when used as directed and designed.

20. The product defects alleged above were a substantial contributing cause, and the proximate cause, of the injuries and damages suffered by Plaintiff.

21. Had Defendants performed appropriate testing and studies and properly designed and manufactured the crate, Plaintiff would not have suffered the injuries and damages described above.

22. As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered permanent damages, severe physical pain and discomfort, past and future, loss of use and function of his injured leg, and past and future mental pain and suffering and extreme emotional distress.

23. Plaintiff is in the class of person that Defendants should have reasonably foreseen as being subject to harm when moving the products in a work area such as that provided by Metro.

24. The products were defective in design and formulation and unreasonably and inherently dangerous when they left the hands of defendants. The products were not altered in any way by Plaintiff or Metro.

25. Defendants' products were defective due to inadequate warning and/or inadequate trials and inadequate reporting to the glass industry. Defendants' products were defective due to inadequate post-marketing warning and instruction. Defendants knew or should have known that their products were inherently dangerous and posed a risk.

26. The actions and inactions of Defendants, as alleged above, were willful, grossly negligent, and/or taken in reckless disregard for the rights of Plaintiff and others similarly situation, pursuant to which Plaintiff is entitled to, and hereby respectfully demands, an aware of punitive damages in an amount in excess of $75,000.00, pursuant to 23 O.S. §9.1, et seq.

27. As a direct and proximate result of Defendants' action and inactions as described above, Plaintiff has suffered actual damages, including physical and mental pain and suffering, past and future medical bills, lost income and lost consortium in an amount in excess of $75,000.00.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands a money judgment in an amount in excess of $75,000.00, punitive damages in an amount in excess of $75,000.00, interest, costs, attorney's fees and such other and further relief as this Court deems equitable.

*[Signature]*

SHAWN D. FULKERSON, OBA # 14484
FULKERSON & FULKERSON, P.C.
sfulkerson@fulkersonlawoffice.com
10444 Greenbriar Place
Oklahoma City, Oklahoma 73159
Telephone: (405) 691-4949
Facsimile: (405) 691-4595
ATTORNEY FOR PLAINTIFF
MONTY BRADBERRY